W. P. BUCKALEW *v.* THE STATE.

1. SWINDLING.— An essential element of the offense of swindling is that the party injured, in parting with his property, actually relied upon and was deceived by the fraudulent representations or devices of the party accused.

2. SAME.—FALSE PRETENSE, in order to authorize an indictment for swindling, need not be such an artificial device as will impose upon a man of ordinary prudence and caution, nor need it be such as cannot be guarded against by ordinary caution.  But if the pretense was absurd or irrational, or if the injured party knew its falsity, or had the means of instantly detecting it, he could not have believed it or been deceived by it, and the pretense is not within the purview of the definition of swindling.  See the opinion *in extenso,* for the principle discussed, and for an information held insufficient to support a conviction for swindling.

APPEAL from the County Court of Lee.   Tried below before the Hon. J. F. CROW, County Judge.

The conviction was for swindling, and the penalty was assessed at one hour's confinement in the county jail.

The opinion fully discloses the case.

*J. L. Rousseau,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J.   This case was a prosecution by information for swindling.  We reproduce the information in full, since the view we have taken of the case only requires a discussion of the sufficiency of that instrument. It reads:

"In the name and by the authority of the State of Texas, I, N. A. Rector, county attorney of Lee county in said State of Texas, now here in the County Court, at the December term, A. D. 1881, thereof, do present this information (founded upon the written affidavit of George Cooper herewith filed), which charges and presents to said County Court that one W. P. Buckalew, in the county of Lee in the State of Texas, on the first day of December, A. D. 1881, did falsely represent to George Cooper that he, George Cooper, had killed and unlawfully appropriated a certain hog belonging to him, said Buckalew, and that one John Wesson had told him, Buckalew, that he, said Wesson, and his brother William Wesson had seen said George Cooper kill and appropriate the aforesaid hog of said Buckalew — all of which said representations were utterly false; George Cooper had not killed and appropriated a hog belonging to said Buckalew, and said Wesson had never told said Buckalew that he, Wesson, or anybody else had ever seen said Cooper kill and appropriate a hog of his, said Buckalew's; and that, by means of said false representations, said Buckalew did unlawfully obtain from said Cooper five dollars in money, with intent to appropriate it to his own use; contrary to law and against the peace and dignity of the State."

If subjected to strict legal criticism, several objections might be urged to this information with great plausibility and force, even notwithstanding the liberal provisions of what is commonly known as the "common sense indictment bill," enacted by the 17th Legislature (General Laws 1881, pp. 60–63).  We shall notice but one objection.  The leading if not the main idea embraced in the definition of

swindling is that, not only has the swindler acquired, but that the party injured has been induced to part with his money or property by means of some false or deceitful pretense or device, or fraudulent representation, which he believed to be true. In other words, that the injured party has been deceived, and been deceived by being told and relying upon that which was false. Penal Code, art. 790.

Let us apply this test to George Cooper, the party alleged to have been injured. Admit that Buckalew told him everything alleged in the information, and that every word of it was false, was or could he have been deceived by it? and if not, can Buckalew be convicted of swindling?

In *Colbert* v. *State* this court said: "There has been a conflict of opinion as to whether the false pretenses, to be indictable, should be such as would necessarily impose upon a man of ordinary prudence. In New York, Pennsylvania, Arkansas, and some of the other States, it has been held that a representation, though false, is not within the statute making it an offense to obtain money or other property under false pretenses, unless calculated to deceive persons of ordinary prudence. In Pennsylvania and New York such is no longer the law, it being now held that it is not less a false pretense that the party imposed upon might by common prudence have avoided the imposition. We think that it is generally received both in England and the United States as the law, that the pretense need not be such an artificial device as will impose upon a man of ordinary prudence or caution; that the pretense need not be such as cannot be guarded against by ordinary caution or common prudence." 1 Texas Ct. App. 314.

But, even though ordinary caution and common prudence are not required in the detection and avoidance of the imposition, yet we apprehend that there has been no

change in the rule, so well founded in common sense and law, that, " where the pretense is absurd or irrational, or such as the party injured had at the very time the means of detecting at hand, it is not within the act." *Comm.* v. *Hutchison*, 2 Par. (Pa.) Sel. Cas. 309; *Comm.* v. *Hickey*, id. 317; *Comm.* v. *Poulson*, id. 326.

In the case before us Cooper, of all persons in the world, best knew whether he was guilty or not of killing Buckalew's hog. Let him take either horn of the dilemma. If he was guilty he was not deceived, and the representations could in no wise be denominated false or fraudulent. If he was not guilty, then he must have known that fact equally as well, and no statement or representation of Buckalew could possibly have deceived or imposed upon him with regard to that matter.

Where the knowledge of a fact is within a man's own breast, he cannot be deceived by another person's falsely representing the fact to him; he knows at the instant that the statement made is either true or untrue. The reliance by the injured party upon the truth of some false or deceitful pretense or device, or fraudulent representation, is the gist of the offense of swindling. Upon what false statement did he rely? That he killed the hog? Why, he knew he had not killed it; or he knew that he had killed it, and that knowledge would corroborate instead of falsifying the statement. So much for the representations made by the defendant Buckalew to Cooper, on his own responsibility.

Now let us consider the allegation that the Wessons had told Buckalew that they had seen Cooper kill and appropriate Buckalew's hog. Admit, for argument's sake, that that statement was false, could it possibly have deceived Cooper to the extent that he would rely upon it with regard to the main fact, which was that he had killed the hog? By no means; because he must have known, and did know as well if not better than the Wessons, whether he had or not, and the fact that Buckalew

lied about what the Wessons told him could not impose falsely upon Cooper, nor deceive him as to whether or not he killed the hog. All Buckalew's statements may have been knowingly false, and yet, if Cooper did not rely upon them as being true, and did not pay his five dollars because he believed them true, Buckalew cannot be held amenable under the statute for swindling.

The information destroys itself by its own allegations, and the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*